**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| DAVID MOYERS,<br>Plaintiff,<br>v.<br>SHERIFF EZEL BROWN, *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-04604-SDG |

## OPINION AND ORDER

This case is before the Court on the motion for judgment on the pleadings filed by Defendants Ezel Brown, Deputy Duncan, and Joseph McClarin [ECF 13]. Because Plaintiff David Moyers's complaint is an impermissible shotgun pleading, the complaint is **DISMISSED without prejudice**, and Defendants' motion is **DENIED as moot**. Moyers is granted leave to file an amended complaint consistent with this Order within 30 days.

## I. BACKGROUND

As is typical of a "shotgun pleading," Moyers's allegations are difficult to decipher. It appears that Defendants McClarin and Duncan, two Newton County (Georgia) deputy sheriffs, detained Moyers.[1] According to Moyers, this arrest violated his constitutional right to travel.[2] Then, Defendant Hill Top Towing

[1] ECF 1, at 1.

[2] *Id.* at 2.

hauled off Moyers's property.[3] Based on this, Moyers asserts a litany of claims, including but not limited to violations of his Fourteenth Amendment substantive due process rights, domestic terrorism in violation of 18 U.S.C. § 2331, and false imprisonment.[4]

Moyers filed his complaint in August 2025.[5] Returns of service were filed as to "Sheriff's Dept." and "Bow English," who were purportedly served on August 20.[6] Defendants Brown, Duncan, and McClarin filed an answer on September 9, and then in February 2026, moved for judgment on the pleadings.[7] Moyers did not file a response.

## II. DISCUSSION

Though not raised in Defendants' motion, the Court has an independent obligation to consider whether the complaint is a "shotgun pleading." *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (noting that "the district court, acting on its own initiative, should have stricken [the] complaints and instructed counsel to replead their cases."). A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots*

---

3 *Id.* at 1.

4 *Id.*

5 *Id.*

6 ECF 6.

7 ECFs 9, 13.

*Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted).

Shotgun pleadings "patently violate[ ]" the federal pleading standards. *Jackson*, 898 F.3d at 1356; *see also Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). Accordingly, when a district court receives a shotgun pleading, the court "should strike it and instruct counsel to replead the case," rather than "parse out such incomprehensible allegations." *Est. of Bass*, 947 F.3d at 1358 (citation omitted). The Eleventh Circuit has identified four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. While these categories are not legally distinct from one another, they are instructive in determining whether a complaint is a shotgun pleading. As relevant here, shotgun pleadings include those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and those that do not "separate[ ] into a different count each cause of action or claim for relief." *Id.* at 1322, 1323.

The complaint fails to allege in any comprehensible way the actual events giving rise to Moyers's claims. While it appears that this case arose out of a traffic stop, that is not at all clear from the complaint. Instead, the complaint contains references to various cases discussing the constitutional right to travel and substantive due process, and those references are randomly interspersed with argument, all of which nevertheless fails to provide a short and plain statement of Moyers's claims.

The Court concludes that the interests of justice are better served by requiring Moyers to re-plead his claims in compliance with this Order and the Federal Rules of Civil Procedure. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

In recognition of Moyers's *pro se* status, the Court emphasizes the following pleading rules established by the Federal Rules of Civil Procedure: (1) Moyers must allege sufficient facts to establish a plausible case supporting his claims for relief; (2) Moyers must clearly identify every individual legal claim, with its own separately numbered count, which is to be identified with a bolded and enumerated header; (3) the allegations supporting each individual count must

state the legal elements of each claim along with the facts that support each element; and (4) in doing so, Moyers must include or incorporate in each count only the facts and other allegations relevant to that specific count. Moyers is further advised that failure to comply with this Order and the Federal Rules of Civil Procedure may result in dismissal of the claims with prejudice.

Lastly, Moyers is warned that if he fails to respond to a future dispositive motion filed by Defendants, this failure will be deemed an indication that he intends to abandon this litigation, resulting in dismissal of his claims.

## III. CONCLUSION

Moyers's complaint is **DISMISSED without prejudice**. Moyers is granted leave to file an amended complaint consistent with this Order within 30 days. Defendants' motion for judgment on the pleadings [ECF 13] is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to submit this Order to undersigned after 30 days. The Clerk is further **DIRECTED** to administratively close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge